UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSAMUYIMEN EDEBIRI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NORTH HIGHLAND COMPANY LLC, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:20-cv-00758 (TNM) |

MEMORANDUM ORDER

Before the Court is Defendants' Motion to Transfer Venue to the Northern District of Georgia, Atlanta Division, ECF No. 10. For the following reasons, the motion will be granted.

I.

Plaintiff Osamuyimen Edebiri is a former employee of North Highland Company ("North Highland"), which has its principal place of business in Atlanta, Georgia. *See* Compl. ¶¶ 4–5, ECF No. 1. As an employee, Edebiri agreed to the terms in North Highland's "Employment Covenants Agreement." *See id.* ¶ 63; *id.* Ex. C at 16–22.[1] It contains a forum-selection clause providing that "any and all claims arising out of or relating to this Agreement shall be brought in a state or federal court of competent jurisdiction in Georgia." Ex. C at 19.

Each year, North Highland hosts "The Big Idea" competition during which employees submit entrepreneurial ideas to start a new company. Compl. ¶¶ 8–9. The winner of the competition receives a $300,000 investment from North Highland in exchange for a 51% equity stake in the new company. *Id.* ¶ 10. Edebiri alleges that he participated in and won the Big Idea

---

[1] All page citations refer to the page numbers that the CM/ECF system generates.

competition in 2018. *Id.* ¶ 15.  He claims that North Highland ended his employment so that he could begin working on his new business idea full time.  *See id.* ¶¶ 16–17.  But on or around November 21, 2018, North Highland "terminated the competition and development of Plaintiff's business idea without any further compensation." *Id.* ¶ 43.

Edebiri sues North Highland for breaching the Employment Covenants Agreement, the "Offer Letter," and the "Big Idea Contract."  *See, e.g.*, *id.* ¶¶ 61–66.  He also seeks declaratory and injunctive relief, as well as costs and attorneys' fees.  *Id.* ¶¶ 55–60, 67–69.  North Highland filed this motion in response to the Complaint.[2]

## II.

A district court has discretion to "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  In deciding whether to transfer a case, courts generally consider "both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013).  "The calculus changes, however, when the parties' contract contains a valid forum-selection clause." *Id.* at 63.  The forum-selection clause is to be "given controlling weight in all but the most exceptional cases." *Id.*

Courts apply a two-step process to decide whether to transfer a case based on a forum-selection clause.  First, the court determines whether the forum-selection clause is valid and covers the parties' dispute. *Azima v. RAK Inv. Auth.*, 926 F.3d 870, 874 (D.C. Cir. 2019).  There is a presumption "that a mandatory forum-selection clause is legally valid and enforceable absent

---

[2] North Highland has also filed a motion to dismiss for failure to state a claim.  *See* Defs.' Rule 12(b)(6) Mot. to Dismiss, ECF No. 12.

2

a 'strong showing'" otherwise. *Id.* at 874. Second, the court considers whether there are any public interest factors that "overwhelmingly disfavor a transfer." *See Atl. Marine*, 571 U.S. at 67. "Only in the most unusual or rare case will the strength of these factors warrant disrupting the parties' settled expectations as reflected in the forum-selection clause." *Azima*, 926 F.3d at 875–76 (cleaned up). The non-moving party bears the burden to show why transfer is not warranted. *See Atl. Marine*, 571 U.S. at 64.

### III.

#### A.

It is undisputed that the Employment Covenants Agreement contains a mandatory forum-selection clause. *See Azima*, 926 F.3d at 874 ("It is mandatory if it requires that litigation proceed in a specific forum."). And Edebiri offers no reason why this clause is invalid, let alone the "strong showing" required. *Id.* at 874 (cleaned up). Indeed, he expressly asks the Court to *enforce* the terms of the Employment Covenants Agreement. *See, e.g.*, Compl. ¶¶ 59, 68.

Instead, Edebiri argues that his claims fall outside the scope of the forum-selection clause because they also rely on the Offer Letter and Big Idea Contract, which are "separate and unrelated." *See* Pl.'s Opp'n to Defs.' Mot. to Transfer ("Pl.'s Opp'n") at 2, ECF No. 14. Not so.

Each claim invokes the Employment Covenants Agreement to some extent. *See, e.g.*, Compl. ¶¶ 56, 59, 62, 68. And Edebiri's request for attorneys' fees depends *exclusively* on that agreement. *See id.* ¶¶ 68–69. So even assuming some claims are unrelated to the Employment Covenants Agreement, "it would be inefficient and wasteful to bifurcate [Edebiri's] claims, transfer only some, and have this dispute be litigated in two separate forums." *Revis v. Tustin Constr. Servs., LLC*, 322 F. Supp. 3d 58, 62 (D.D.C. 2018). One court should resolve all claims.

More, the Court doubts that plaintiffs should be able to elide forum selection clauses simply by piling on additional claims that are not strictly covered by the clause.

**B.**

Edebiri fails to address how public interest factors weigh against transfer. He argues instead that the case should proceed here based on private interest considerations such as the convenience of the parties' witnesses and ease of access to proof. *See* Pl.'s Opp'n at 4. But these arguments are irrelevant when there is a forum-selection clause. *See Atl. Marine*, 571 U.S. at 64. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less inconvenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* Absent any evidence to the contrary, the Court concludes that this is not an "unusual or rare case" against a transfer. *Azima*, 926 F.3d at 875–76.

**IV.**

For these reasons, the Court finds that a transfer is warranted under 28 U.S.C. § 1404(a). It is hereby **ORDERED** that the Clerk of Court shall transfer this matter to the United States District Court for the Northern District of Georgia, Atlanta Division. It is **FURTHER ORDERED** that the Clerk of Court close this case.

**SO ORDERED.**

Dated: September 9, 2020                                    TREVOR N. McFADDEN, U.S.D.J.

4