IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OSAMUYIMEN (UYI) EDEBIRI, <br><br> Plaintiff, <br><br> v. <br><br> NORTH HIGHLAND COMPANY, LLC; and NORTH HIGHLAND ESOP HOLDINGS INC., <br><br> Defendants. | Civil Action No. <br> 1:20-cv-04087-SDG |

**OPINION AND ORDER**

This matter is before the Court on a motion to dismiss filed by Defendants North Highland Company, LLC and North Highland ESOP Holdings, Inc. (collectively, North Highland) [ECF 12]. For the following reasons, North Highland's motion is **GRANTED**.

**I.   BACKGROUND**

The following facts are treated as true for purposes of this motion.[1] In May 2017, North Highland hired Plaintiff Osamuyimen (Uyi) Edebiri as a Principal in

---

[1] *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

its Strategy and Operations Practice in its Washington, D.C. office.[2] That year, North Highland held its annual "Big Idea" event, which is a competition wherein current employees present North Highland with business ideas in the hopes of obtaining start-up capital for a new company.[3] After submission, an employee's business idea must be selected through three rounds of judging to be declared the winner.[4] For the winner, North Highland "envision[s]" that it "will be the majority owner of any new business formed and will make an initial investment of up to $300,000" in exchange for such ownership share.[5]

Edebiri participated in the 2017–2018 Big Idea competition.[6] On February 5, 2018, after progressing through two rounds but prior to the final round, Edebiri signed an agreement that stated:

> I acknowledge and agree that if I am selected as the competition winner, my business case shall serve as an outline for negotiations between the parties toward a final binding agreement(s) relating to North Highland's investment in my business case and the formation of any new company associated with such transaction (the "New Co."). Such award shall evidence the parties'

---

[2]   ECF 1, ¶ 7. *See also id.* at 16–22 (Employment Covenants Agreement); *id*. at 23-25 (Offer Letter).

[3]   ECF 1, ¶ 8. *See also* ECF 1-1 (2017–2018 Big Idea FAQs).

[4]   ECF 1-1, at 14.

[5]   *Id*. at 3-4.

[6]   ECF 1, ¶¶ 11–15.

> current mutual intentions with respect to the pursuit of the proposed transaction, but further discussions will necessarily take place on topics essential to completing the transaction.[7]

In the Big Idea Agreement, Edebiri "acknowledge[d] and agree[d] that . . . it is possible that no definitive agreement(s) may be reached and that as such no investment is guaranteed."[8] Edebiri also agreed to a merger clause.[9]

On February 9, 2018, Edebiri was selected as the winner of the Big Idea competition.[10] On April 25, 2018, Edebiri executed a Separation and Release Agreement in which the parties "mutually agreed to terminate [Edebiri's] employment for the purpose of [Edebiri] pursuing [his] win of the North Highland Big Idea competition."[11] Edebiri alleges North Highland told him his start date as an employee developing the new business idea would be May 19, 2018.[12] North Highland permitted Edebiri to retain his work materials and provided additional reassurances as to its commitment to develop Edebiri's business idea.[13]

---

[7]   ECF 1-1 at 5–6 (Big Idea Agreement).

[8]   *Id.*

[9]   *Id.*

[10]  ECF 1, ¶ 15.

[11]  ECF 1-1, at 7.

[12]  ECF 1, ¶ 19.

[13]  *Id.* ¶ 21.

Edebiri also alleges North Highland promised to pay him his full salary while he developed the business idea.[14]

According to Edebiri, on approximately February 28, 2018, his former friend and associate claimed an ownership interest in Edebiri's business idea.[15] After Edebiri informed North Highland of this claim, it requested that he obtain a release from his former associate.[16] Edebiri was unable to obtain this release, and on November 21, 2018, North Highland terminated its development of Edebiri's business idea without any further compensation.[17]

On March 17, 2020, Edebiri initiated this action in the United States District Court for the District of Columbia.[18] Edebiri asserts four causes of action against North Highland for: declaratory judgment (Count I); injunctive relief (Count II); breach of contract (Count III); and attorneys' fees and costs (Count IV).[19] On August 14, 2020, North Highland filed the instant motion to dismiss.[20]

---

[14]   *Id.* ¶ 24.

[15]   *Id.* ¶ 34.

[16]   *Id.* ¶ 41.

[17]   *Id.* ¶ 43.

[18]   *See generally id.*

[19]   *Id.*

[20]   ECF 12.

Edebiri filed a response in opposition to the motion to dismiss on August 28.[21] North Highland filed its reply on September 2.[22] On September 9, the case was transferred to this Court.[23]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

This pleading standard "does not require detailed factual allegations." *Id.* (citing *Twombly*, 550 U.S. at 555). However, it requires "more than an unadorned,

---

[21]  ECF 16.

[22]  ECF 17.

[23]  ECF 18.

the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555). A complaint providing "label and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not do. *Id*. (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). Although the "plausibility standard is not akin to a probability requirement at the pleading stage," it demands "enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (citing *Twombly*, 550 U.S. at 556).

## III. DISCUSSION

North Highland contends that each of Edebiri's claims must be dismissed. The Court addresses each in turn.

### a. Declaratory Judgment (Count I)

Edebiri seeks declaratory relief to determine the enforcement of the Employee Covenants Agreement, Offer Letter, and the Big Idea Contract. Pursuant to the Declaratory Judgment Act, the Court may only issue declaratory relief "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). Edebiri must allege specific facts showing "a substantial continuing controversy between two adverse parties." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d

1342, 1347 (11th Cir. 1999) (citing *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985)). These allegations must "assert a reasonable expectation that the injury [the plaintiff has] have suffered will continue or will be repeated in the future. . . . The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Id*. *See also Peeler*, 756 F.2d at 1552 ("The continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.").

Treating Edebiri's allegations as true, the Complaint does not demonstrate a substantial likelihood that Edebiri will suffer any injury in the future. Edebiri's conclusory allegation that he "has and will suffer immediately an irreparable harm if [North Highland] is permitted to breach and continue to breach their contractual obligations" is not enough to state a facially plausible claim. *Iqbal*, 556 U.S. at 679. Moreover, to the extent Edebiri's declaratory judgment claim is premised on North Highland's alleged breaches of the referenced agreements, it is duplicative of his breach of contract claim. *E.g., Daniels v. Wells Fargo Bank N.A.*, No. 1:14-cv-2640-TCB-WEJ, 2014 WL 12492006, at *9 (N.D. Ga. Oct. 31, 2014) ("[I]n the context of Federal Rule 12(b)(6), courts will dismiss declaratory judgment claims that seek resolution of matters that will be resolved

as part of other claims in the lawsuit."), *report and recommendation adopted*, No. 1:14-cv-2640-LMM, 2014 WL 12493322 (N.D. Ga. Dec. 2, 2014). Count I is dismissed.

### b. Breach of Contract (Count III)

Edebiri alleges North Highland breached three separate agreements: the Employment Covenants Agreement, Offer Letter, and the Big Idea Agreement.[24] According to Edebiri, North Highland breached these agreements by "(1) failing to compensate [Edebiri] instead [of] offering a reduction in the amount of investment in [Edebiri's] business idea under the Big Idea competition and; (2) terminating the Big Idea competition without cause."[25] In Georgia, the elements of a breach of contract claim are "(1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *UWork.com, Inc. v. Paragon Techs., Inc.*, 321 Ga. App. 584, 590 (2013) (citing *Norton v. Budget Rent A Car System*, 307 Ga. App. 501, 502 (2010)).

As an initial matter, Edebiri cannot state a facially plausible breach of contract claim if he "has not alleged any general or specific provision of any contract that [North Highland] might have breached." *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). *See also Adkins v. Cagle Foods JV, LLC*,

---

24   ECF 1, ¶ 62.

25   *Id.* ¶¶ 63–64.

411 F.3d 1320, 1327 (11th Cir. 2005). Put another way, Edebiri must "allege a particular contractual provision that the defendants violated to survive a motion to dismiss." *Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1296 (N.D. Ga. 2015). Here, Edebiri has not pointed to a single provision in any of the three agreements that North Highland allegedly breached. This is particularly troublesome because Edebiri's first argument in support of his breach claim is not referenced in any of the cited agreements, and the second is expressly contradicted by the plain language of the Big Idea Agreement.[26] These failures standing alone mean that Edebiri cannot maintain this cause of action.

The Court additionally notes that, in his response in opposition to North Highland's motion to dismiss, Edebiri recharacterizes his breach of contract claim in terms of "detrimental reliance on oral assurances under those Agreements."[27] But Edebiri did not plead a cause of action for detrimental reliance. Edebiri has likewise not sought leave to amend his Complaint and cannot do so through an opposition brief. *See Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2015) (citing *Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) ("A complaint may

---

[26] ECF 1-1, at 5 ("I acknowledge and agree that . . . it is possible that no definitive agreement(s) may be reached and that as such no investment is guaranteed.").

[27] ECF 16, at 7.

not be amended by briefs in opposition to a motion to dismiss.")). Count III is dismissed.

### c.  Injunctive Relief (Count II)

Edebiri seeks "temporary, interlocutory, and permanent injunctive relief" against North Highland that "prohibit[s] them from violating the Agreement."[28] To obtain injunctive relief, Edebiri must show that "(1) [he] has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). As noted above, Edebiri has failed to state facially plausible claims for declaratory judgment or breach of contract. Thus, Edebiri is likewise not entitled to injunctive relief because he cannot establish a substantial likelihood of success on the merits of any of his underlying claims. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005) ("To obtain temporary injunctive relief, [plaintiffs] must show a substantial likelihood of success on at least one claim."). Moreover, to the extent Edebiri is seeking an

---

28   ECF 1, ¶ 59. Edebiri does not specify which agreement this claim references.

injunction based on retroactive relief—such as allegations of North Highland's prior breaches of contracts—that type of relief is unavailable. *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1133 (11th Cir. 2005) ("[A]n injunction is limited to prospective relief. . . . Thus, a preliminary injunction is completely at odds with a sanction for past conduct that may be addressed by adequate remedies at law."). Count II is dismissed.[29]

## IV.  CONCLUSION

North Highland's motion to dismiss [ECF 12] is **GRANTED**. The Court finds that Edebiri should be permitted an opportunity to file an Amended Complaint curing the deficiencies articulated herein. As such, within 21 days after entry of this Order, Edebiri shall be permitted to file an Amended Complaint. If Edebiri does not file an Amended Complaint within 21 days, the Clerk is **DIRECTED** to close the case.

**SO ORDERED** this the 9th day of November 2020.

Steven D. Grimberg
United States District Court Judge

---

[29]  In Count IV, Edebiri contends he is entitled to his attorneys' fees and costs as the prevailing party. As noted above, the Court finds that Edebiri's claims must be dismissed. Without an underlying claim, Edebiri is unable to pursue his attorneys' fees or costs. Count IV is likewise dismissed.